KILPATRICK TOWNSEND & STOCKTON LLP
JAMES SMITH (Bar No. 190050)
James.Smith@kilpatricktownsend.com
KENDRA C. CHAPMAN (Bar No. 294030)
KChapman@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:    (415) 576-0300

Attorneys for Defendants
JOHN PAUL USA (erroneously sued as
"LesConcierges, Inc.") and SERVICE
CONCIERGE SAS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PIVIROTTO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LESCONCIERGES, INC.; SERVICE CONCIERGE SAS (DBA JOHN PAUL); TRINET GROUP INC.; and DOES 1-10,<br><br>Defendants. | Case No. 18-2967<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF'S COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant John Paul USA ("John Paul"), formerly known as Les Concierge, Inc. (and erroneously sued as "LesConcierges, Inc.") and Specially Appearing Defendant Service Concierge SAS [1] (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California, County of San Francisco, to the United States

/ / /

---

[1] Service Concierge SAS specially appears to file this Notice of Removal and, in making this special appearance, specifically reserves, *inter alia*, the right to challenge personal jurisdiction.

District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  In support of removal, Defendants respectfully allege as follows:

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to the federal question statute.  28 U.S.C. 1331.  As set forth below, this case meets all of the statutory requirements for removal and is timely and properly removed by the filing of this Notice.

## STATEMENT OF THE STATE COURT ACTION

2. On or about February 20, 2018, Plaintiff Vincent Pivirotto filed this action naming Les Concierges, Inc., Service Concierge SAS (*dba* John Paul), TriNet Group Inc., and Does 1 – 10 in the Superior Court of the State of California, County of San Francisco, Case No. CGC-18-564456 (the "State Court Action").

3. On or about April 18, 2018, Plaintiff delivered a copy of the Complaint and Summons in the State Court Action to John Paul and Service Concierge SAS.  Defendants do not concede that service was proper.

4. In the State Court Action, Plaintiff alleges: (1) violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A)(i); (2) violation of the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(ii); (3) violation of the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(ii); (4) violation of the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(ii); (5) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.1, *et seq.*; (6) violation of the California Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code § 1786.16(2)(B); (7) violation of the ICRAA, California Civil Code § 1786.16(a)(2)(C); (8) violation of the ICRAA, California Civil Code § 1786.16(b); (9) violation of the California Labor Code § 204; (10) violation of the California Labor Code §§ 510, 1194, 1194.2 and the Industrial Wage Orders ("IWC Orders"); (11) violation of the California Labor Code §§ 201 and 203; (12) violation of the California Labor Code § 226; (13) violation of the California Labor Code §§ 226, 1198.5 and the IWC Orders; (14) wrongful termination; and (15) violation of the California Business and Professions Code ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*

/ / /

5. Pursuant to 28 U.S.C. § 1446, attached hereto as **Exhibit B** are copies of all process, pleadings, and orders served upon Defendants in the State Court Action.

## FEDERAL QUESTION JURISDICTION

6. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. 28 U.S.C. § 1441(a). Such federal question jurisdiction exists where the complaint alleges a purported violation of federal law as an essential element of a cause of action. *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) ("A case arise[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (alteration in original).

7. Here, Plaintiff has pled claims against Defendants for alleged violations of the FCRA. Compl. ¶¶ 27-58. The FCRA is a federal statute and this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the State Court Action is subject to removal under 28 U.S.C. § 1441.

8. Additionally, the FCRA specifically vests district courts with jurisdiction over any "action to enforce any liability created under [the FCRA]." 15 U.S.C. § 1681p. Because Plaintiff seeks to enforce liabilities created under the FCRA, this Court has express and exclusive subject-matter jurisdiction, per statute, over this case.

9. The invocation of federal jurisdiction in this case is bolstered by 15 U.S.C. 1681t(b)(1)(F), which preempts state law claims "relating to the responsibilities of persons who furnish information to consumer reporting agencies …," and the case law that interprets it. *See Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) ("Because Plaintiffs' State Claims are based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted") (citing *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361 – 62 (E.D. Pa. 2001) ("it is clear … that Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish [credit] information").

10. This Court also has supplemental jurisdiction over Plaintiff's state law claims as these claims "form part of the same case or controversy" in that they necessarily arise from the

same core operative facts relating to the Defendants' alleged violations of the FCRA. 28 U.S.C. § 1367(a). Accordingly, Plaintiff's state law claims are related to Plaintiff's federal question claims, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

11. Plaintiff delivered a copy of the Summons and Complaint in the State Court Action on April 18, 2018. Assuming this delivery was proper service, this Notice of Removal is filed within 30 days of delivery, and therefore, removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

12. All named Defendants in this action consent to this removal. *See* Declaration of James Smith in Support of Notice of Removal ("Smith Decl.") ¶ 2, attached hereto as **Exhibit A**.

13. Venue is proper in this district under 28 U.S.C. § 1441(a) because it embraces the place where the State Court Action was filed.

14. Defendants have complied with 28 U.S.C. § 1446(a) by attaching all process, pleadings, and orders on file in the State Court Action collectively hereto as **Exhibit B**.

15. Promptly after filing this Notice of Removal, Defendants will give written notice of the removal to the Plaintiff through his attorney of record in the State Court Action, as well as to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants John Paul USA and Service Concierge SAS (through this special appearance) hereby remove the State Court Action filed by Plaintiff from the Superior Court of the State of California, County of San Francisco, to this Court.

Dated: May 18, 2018

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____/s/ *James Smith*_____
James Smith

Attorneys for Defendants
JOHN PAUL USA (erroneously sued as "Les Concierges, Inc.") and SERVICE CONCIERGE SAS